# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

NASSIR CAUTHON,

    Petitioner,

v.

    Case No. 2:17-cv-272
    JUDGE GEORGE C. SMITH
    Magistrate Judge King

WARDEN, MARION
CORRECTIONAL INSTITUTION,

    Respondent.

## OPINION AND ORDER

On November 28, 2017, the Magistrate Judge recommended that the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be dismissed as barred by the one-year statute of limitations established by 28 U.S.C. § 2244(d). *Report and Recommendation* (Doc. 36). Petitioner objects to that recommendation. *Objection* (Doc. 37). Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review. For the reasons that follow, Petitioner's *Objection* (Doc. 37) is **OVERRULED**. The *Report and Recommendation* (Doc. 36) is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED.**

The Court **DECLINES** to issue a certificate of appealability.

Petitioner challenges his June 2006 convictions on charges of rape and gross sexual imposition. In his objection, Petitioner maintains that equitable tolling of the statute of limitations is warranted in view of his actual innocence. He requests an evidentiary hearing on the recantation of the alleged victim in the case and of other witnesses against him. He claims that he was convicted in violation of the Confrontation Clause.

Plainly, this action is untimely. *See* 28 U.S.C. § 2244(d)(1)(A). Petitioner waited almost six years and one-half years after the statute of limitations had expired before he executed his federal habeas corpus petition. Moreover, the record indicates that Petitioner learned that the alleged victim and other minor witnesses had recanted their trial testimony years before he pursued a delayed motion for a new trial. Thus, this action is untimely under 28 U.S.C. § 2244(d)(1)(D).

Petitioner insists that he is actually innocent. "Although a petitioner who asserts a convincing actual-innocence claim does not have to 'prove diligence to cross a federal court's threshold,' timing remains 'a factor relevant in evaluating the reliability of a petitioner's proof of innocence.'" *Eberle v. Warden, Mansfield Correctional Inst.*, 532 Fed. Appx. 605, 612 (6th Cir. 2013) (citing *McQuiggin v. Perkins*, 133 S.Ct. 1924, 1935 (2013) ("Unexplained delay in presenting new evidence bears on the determination whether the petitioner has made the requisite showing."). In order to establish that he is entitled to equitable tolling based on his actual innocence of the charges, the Petitioner must establish his <u>factual</u> innocence of the charges. *Bell v. Howes*, 701 Fed. Appx. 408, 411 (6th Cir. 2017) (citing *Souter v. Jones*, 395 F.3d 577, 590 (6th Cir. 2005) (quoting *Bousely v. United States*, 523 U.S. 614, 623 (1998)).

> [A] petitioner must present "evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *Id.* (citing *Schlup v. Delo*, 513 U.S. 298, 316 (1995)). . . . "[H]abeas corpus petitions that advance a substantial claim of actual innocence are extremely rare," *id.* at 321, 115 S.Ct. 851, and the Supreme Court has "counseled . . . that the actual innocence exception should 'remain rare' and 'only be applied in the "extraordinary case,"'" *Souter,* 395 F.3d at 590 (quoting *Schlup*, 513 U.S. at 321, 115 S.Ct. 851).

*Bell v. Howes*, 701 Fed. Appx. at 411-412. In view of the "extreme suspicion" with which recanting affidavits - and particularly recanting affidavits involving child sexual abuse cases - are

viewed, this Court is not persuaded that this is such a rare and unusual case. *See Davis v. Bradshaw*, No. 1:14-cv-2854, 2016 WL 8257676, at *29 (N.D. Ohio June 16, 2016) (citations omitted); *Wiles v. Warden, Marion Correctional Institution*, No. 1:14-cv-685, 2015 WL 2223986, at *7-8 (E.D. Mich. June 15, 2012) (citations omitted).

For these reasons, and for the reasons detailed in the Magistrate Judge's *Report and Recommendation*, Petitioner's *Objection* (Doc. 37) is **OVERRULED**. The *Report and Recommendation* (Doc. 36) is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED.**


Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court now considers whether to issue a certificate of appealability. "In contrast to an ordinary civil litigant, a state prisoner who seeks a writ of habeas corpus in federal court holds no automatic right to appeal from an adverse decision by a district court." *Jordan v. Fisher,* ⸺U.S. ⸺. ⸺, 135 S. Ct. 2647, 2650 (2015); 28 U.S.C. § 2253(c)(1) (requiring a habeas petitioner to obtain a certificate of appealability in order to appeal.)

Where, as here, a claim has been denied on procedural grounds, a certificate of appealability may issue if the petitioner establishes that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, n. 4 (1983)).

This Court is not persuaded that reasonable jurists would debate the dismissal of this case as time-barred. Therefore, the Court **DECLINES** to issue a certificate of appealability.

The Clerk is **DIRECTED** to enter final **JUDGMENT**.

**IT IS SO ORDERED.**

 *s/ George C. Smith*
**GEORGE C. SMITH, JUDGE**
**UNITED STATES DISTRICT COURT**